UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ X
                                                             :
ROBERT MERCER,                                               :
                                     Plaintiff,              :          19 Civ. 8842 (LGS)
                                                             :
                     -against-                               :          OPINION AND ORDER
                                                             :
NEW YORK CITY HOUSING AUTHORITY,                             :
                                     Defendant.              :
                                                             :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Pro se Plaintiff Robert Mercer brings suit against Defendant New York City Housing Authority ("NYCHA"), alleging violations of the Fair Housing Act of 1968, as amended (the "FHA"), 42 U.S.C. § 3601 *et seq.*, and a regulation promulgated by the U.S. Department of Housing and Urban Development ("HUD"), 24 C.F.R. § 5.703(f).  Defendant moves to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a claim.  For the reasons stated below, the motion to dismiss is granted.

I.

**BACKGROUND**

The Court construes Plaintiff's Amended Complaint as incorporating the allegations and documents attached to Plaintiff's initial Complaint, which appear inadvertently excluded.  The following facts are taken from the Amended Complaint and documents attached to the pleadings. *See Goel v. Bunge*, *Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).  As required for the present motion, all factual allegations are assumed to be true, and all reasonable inferences are drawn in Plaintiff's favor.  *See Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017).

Plaintiff resides at a property owned and maintained by NYCHA.  On February 28, 2019, the Civil Court of the City of New York ordered NYCHA to repair and inspect mold and plaster issues in his bathroom and kitchen resulting from a pipe leak.  An appointment for painting and plastering Plaintiff's apartment was scheduled for April 3, 2019.  The appointment did not occur due to a miscommunication, and Plaintiff was not contacted for rescheduling.  On May 21, 2019, and May 23, 2019, NYCHA inspected Plaintiff's apartment and found mold and water damage. On May 29, 2019, Plaintiff visited the hospital for complaints of shortness of breath and was diagnosed with mild intermittent asthma without complications.  During the summer of 2019, four repair appointments were missed due to miscommunications, and Plaintiff was not contacted to reschedule the appointments.

II.         **PROCEDURAL HISTORY**

The initial Complaint was filed on September 23, 2019.  At the December 9, 2019, initial pretrial conference, Defendant discussed the status of repairs at Plaintiff's apartment.  After the conference, Plaintiff was directed to file an Amended Complaint stating under what laws and regulations he is bringing his claims and to provide factual allegations underlying those claims, and Defendant was directed to file a status letter regarding the status of repairs.  On December 13, 2019, Plaintiff filed an Amended Complaint, alleging a violation of 24 C.F.R. § 5.703(f) and of the FHA, citing "FHAA 102 Stat 1621(B)."  By Order dated January 21, 2020, the parties were referred for a settlement conference, which was unsuccessful, and Defendant filed the instant motion to dismiss.  On July 17, 2020, Plaintiff filed a pre-motion letter, proposing a motion for summary judgment, and the request was denied as premature.  On July 20, 2020, Plaintiff filed a short statement styled as an opposition to the motion to dismiss.  Throughout this

period, Defendant was directed to provide updates on the status of repairs at Plaintiff's apartment, which were completed, as summarized in the final status letter dated August 14, 2020.

**LEGAL STANDARD**

**A.      Motion to Dismiss**

III.      In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court must accept as true all the material factual allegations contained in the complaint, but a court is "not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).  A district court should dismiss an action under Rule 12(b)(1) if the court "lacks the statutory or constitutional power to adjudicate it."  *Cortlandt St. Recovery Corp. v. Hellas Telecomms. S.A.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015).  The burden is on the plaintiff to prove by a preponderance of the evidence that subject matter jurisdiction exists.  *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  The Court must first determine whether it has subject matter jurisdiction before considering the sufficiency of the complaint.  *See Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013); *accord Dominguez v. Taco Bell Corp.*, No. 19 Civ. 10172, 2020 WL 3263258, at *1 (S.D.N.Y. June 17, 2020).

To withstand a Rule 12(b)(6) motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016), but gives "no effect to legal conclusions couched as factual allegations," *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law. If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000).

Pro se pleadings are afforded "special solicitude" and interpreted "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015). "[D]ismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Id.* (quotation marks omitted).

IV.   **DISCUSSION**

Defendant argues that the Amended Complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction, and also, that the Amended Complaint fails to state a claim upon which relief can be granted, warranting dismissal pursuant to Rule 12(b)(6). Defendant's motion to dismiss pursuant to Rule 12(b)(6) is granted.

A.   **Subject Matter Jurisdiction**

The Court has federal subject matter jurisdiction to adjudicate this case. "Federal courts lack subject-matter jurisdiction when an asserted federal claim is so insubstantial, implausible, foreclosed by prior decisions . . . or otherwise completely devoid of merit as not to involve a federal controversy." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 628 n.3 (2009) (internal quotation marks omitted); *accord NAACP v. Merrill*, 939 F.3d 470, 475 (2d Cir. 2019). "[R]aising a federal issue in a complaint will not automatically confer federal question jurisdiction," and dismissal for want of jurisdiction is appropriate where "the cause of action

4

alleged is . . . patently without merit." *Duke Power Co. v. Carolina Env't Study Grp.*, 438 U.S. 59, 70 (1978) (quotation marks omitted); *accord Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002).  Here, the Amended Complaint invokes federal question jurisdiction, as it alleges a violation of a federal statute, the FHA.  While the claim is inadequately pleaded as discussed below, it is not so "implausible" or so "patently without merit" to warrant dismissal for lack of subject matter jurisdiction.  Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

### B.    Failure to State a Claim

Construing the Amended Complaint with "special solicitude," its claims must still be dismissed.  The Amended Complaint does not allege sufficient facts to support a claim under the FHA.[1]  Further, a private citizen's claim, such as the one here, cannot be based on 24 C.F.R. § 5.703(f).

### 1.    Federal Housing Act Claim

Plaintiff appears to bring a housing discrimination claim for failure to provide reasonable accommodations under § 3604(f)(2)(A) of the FHA.  That provision makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of

---

[1] Reasonable accommodation claims under the FHA are frequently brought together with claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C §§ 12132 *et seq.*, and The Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 701 *et seq.*, which are not alleged in the Complaint.  Even if the Complaint were "liberally construed" to include such claims, they would fail for the same reasons as the FHA claim.  *See Williams v. N.Y.C. Hous. Auth.*, 408 F. App'x 389, 391 (2d Cir. 2010) (summary order) (analyzing reasonable accommodation claim under all three statutes together); *accord Blatch ex rel. Clay v. Hernandez*, 360 F. Supp. 2d 595, 630 (S.D.N.Y. 2005) ("Because the standards for discrimination against the disabled are interpreted similarly in the Rehabilitation Act, ADA, and FHAA, [these] claims can be analyzed together.").

a handicap of that person."[2]  The Amended Complaint appears to allege discrimination based on

a failure to make a reasonable accommodation, and indeed, cites "102 Stat. 1621(B)," which

appears to refer to 42 U.S.C. § 3604(f)(3)(B), a provision explaining that discrimination under

the FHAA can include "a refusal to make reasonable accommodations in rules, policies,

practices, or services, when such accommodations may be necessary to afford such person equal

opportunity to use and enjoy a dwelling."

The Amended Complaint fails to allege a discrimination claim under the FHA based on

the failure to provide reasonable accommodations.  To bring this claim, a complaint must allege

that:  (1) the plaintiff suffers from a handicap as defined by the FHA; (2) the defendant knew or

reasonably should have known of plaintiff's handicap; (3) accommodation of the handicap may

be necessary to afford plaintiff an equal opportunity to use and enjoy the dwelling; (4) the

requested accommodation was reasonable; and (5) the defendant refused to make such

accommodation.  *See Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 156 (2d Cir. 2014); *accord Town

and Country Adult Living, Inc. v. Vill./Town of Mt. Kisco*, No. 17 Civ. 8586, 2019 WL 1368560,

at *16 (S.D.N.Y. Mar. 26, 2019).  The Amended Complaint does not adequately allege the first

two elements, and so the remaining elements are not addressed at this time.

First, Plaintiff has not adequately alleged a handicap cognizable under the FHA.  The

FHA prohibits discrimination on the basis of "handicap," 42 U.S.C. § 3604(f), defined as "a

physical or mental impairment which substantially limits one or more . . . major life activities."

*Id.* § 3602(h)(1); *accord B.C. v. Mt. Vernon Sch. Dist.*, 837 F.3d 152, 160 (2d Cir. 2016).  Under

HUD regulations, "[m]ajor life activities" are defined as "functions such as caring for one's self,

---

[2] The FHA also makes it unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter,"  42 U.S.C. § 3604(f)(1)(A), which appears irrelevant to the alleged circumstances.

performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working."
24 C.F.R. § 100.201(b); *accord Olsen*, 759 F.3d at 152 (further explaining FHA's "handicap"
definition via HUD regulation, 24 C.F.R. § 100.201(b)).  The Amended Complaint does not
adequately allege a handicap cognizable under the FHA, because there are no facts alleged that
Plaintiff has an impairment that "substantially limits" a "major life activity."  Although the
Amended Complaint alleges that Plaintiff has a form of asthma, "asthma does not invariably
impair a major life activity."  *See Burke v. Niagara Mohawk Power Corp.*, 142 F. App'x 527,
529 (2d Cir. 2005) (summary order) (asthma attacks do not constitute a disability within the
meaning of the ADA); *Mt. Vernon Sch. Dist.*, 837 F.3d at 160 n.7 (noting that "[p]rior to 2008,
the ADA and FHA's definitions of the terms 'disability' and 'handicap,' respectively, were
identical.").  And the Amended Complaint contains no allegations to explain how Plaintiff is
handicapped -- describing what major life activity of Plaintiff's is impaired and how the activity
is substantially limited by Plaintiff's condition.  Since Plaintiff's diagnosis indicates that he has
"mild intermittent asthma without complication," it would appear that Plaintiff's asthma would
not be considered an impairment that "substantially limits" his breathing or other "major life
activity."  While recognizing the leniency given to pro se plaintiffs, it is still impermissible for
the Court to "invent factual allegations that [they have] not pled."  *Chavis v. Chappius*, 618 F.3d
162, 170 (2d Cir. 2010); *accord Allen v. N.Y.C. Hous. Auth.*, No. 15 Civ. 00173, 2016 WL
722186, at *4 (S.D.N.Y. Feb. 19, 2016).

Even if the Amended Complaint alleged a handicap under the FHA -- for example,
alleged that Plaintiff suffered from asthma to such a degree that even with medication it
significantly interfered with his breathing or prevented him from engaging in daily activities --
the Amended Complaint is lacking for a second reason.  It does not allege that Defendant knew

or had reason to know about Plaintiff's asthma.  The Complaint does not allege that Plaintiff notified Defendant of his handicap or how Defendant could be aware of Plaintiff's asthma before it allegedly forestalled mold repairs.  Instead, the Amended Complaint alleges that Defendant identified and notified Plaintiff of the existence of the mold in his apartment, and thereafter, that Plaintiff received his diagnosis.  The remaining allegations pertain to several repair appointments that Defendant did not complete due to miscommunications.  Favorably construed, the allegations paint a picture of Defendant's frustrating untimeliness or ineffectiveness regarding repair work.  However, these facts, as alleged, cannot be favorably construed to show Defendant knew or had reason to know about any handicap of Plaintiff.  The Court is mindful of Plaintiff's pro se status, but again, it cannot create factual allegations that are not pleaded in the Amended Complaint.

## 2.   24 C.F.R. § 5.703(f) Claim

The claim under 24 C.F.R. § 5.703(f) is dismissed because a private claim cannot be based on this regulation alone.  That regulation states the program requirements of the Housing and Development program, and requires "[a]ll areas and components of the housing [to] be free of health and safety hazards," and all "dwelling units and common areas [to] have proper ventilation and be free of mold, odor . . . or other observable deficiencies."  24 C.F.R. § 5.703(f).  Plaintiff cites these requirements in opposition to the motion, but they are not a basis to bring a claim.

To determine whether an individual, like Plaintiff, as opposed to an agency, like HUD, may enforce this regulation's requirements, the Court must determine whether the regulation "invoke[s] a private right of action that Congress through statutory text created."  *See Alexander v. Sandoval*, 532 U.S. 275, 291 (2001).  Here, there is no such statute.  Courts in this Circuit have

held that neither the United States Housing Act of 1937, 42 U.S.C. § 1437 *et seq*., nor 24 C.F.R. § 5.703 creates an enforceable individual right.  *See Weaver v. N.Y.C. Hous. Auth.*, No. 19 Civ. 10760, 2019 WL 7116141, at *4 (S.D.N.Y. Dec. 20, 2019) (collecting cases and dismissing § 1983 claims under the Housing Act and 24 C.F.R. § 5.703).  These cases are applicable, since "the initial inquiry [of whether personal rights exist in the § 1983 context] -- determining whether a statute confers any right at all -- is no different from the initial inquiry in an implied right of action case" like this one.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002); *accord Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 783 (2d Cir. 2002).  Accordingly, the Amended Complaint does not allege a federal claim upon which relief may be granted.

### SUPPLEMENTAL JURISDICTION

V.

Liberally construed, Plaintiff's allegations may support claims under New York State law relating to habitability or common law torts.  However, "claims arising from deficient housing conditions do not involve a uniquely federal interest," as landlord-tenant law has "typically been the province of state courts and legislatures."  *Williams v. N.Y.C. Hous. Auth.*, No. 07 Civ. 7587, 2009 WL 804137, at *9 (S.D.N.Y. Mar. 26, 2009), *aff'd*, 408 F. App'x 389 (2d Cir. 2010) (quotation marks omitted).  Because the federal claims are not sufficiently pleaded, the Court declines to exercise supplemental jurisdiction over any state law claims.  *See Wright v. Musanti*, 887 F.3d 577, 582 n.2 (2d Cir. 2018).  The court should "weigh various factors, such as judicial economy, convenience, fairness, and comity" in considering whether to retain supplemental jurisdiction.  *Id.*  "'[I]n the usual case in which all federal-law claims are eliminated before trial,' the balance of factors will weigh in favor of declining to exercise supplemental jurisdiction."  *TPTCC NY, Inc. v. Radiation Therapy Servs., Inc.*, 453 F. App'x 105, 107 (2d Cir. 2011) (summary order) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Accordingly, to the extent the Complaint is construed as alleging state law claims, they are dismissed without prejudice.  Plaintiff is advised that any state law claims must be brought in state court.

**LEAVE TO AMEND**

VI. Leave to amend should be freely given when justice so requires.  *See* Fed. R. Civ. P. 15(a).  Ordinarily, a pro se Plaintiff is given an opportunity to amend a complaint; however, even when "special solicitude" is afforded to pro se pleadings, leave to amend is not required if it would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *accord Weidrick v. Trump*, No. 20 Civ. 1057, 2020 WL 2061489, at *2 (S.D.N.Y. Apr. 27, 2020).  "[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied."  *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Dominguez*, 2020 WL 3263258, at *6.

Here, the Court believes that a second opportunity to amend the Complaint would not cure the deficiencies raised.  Plaintiff's claim under 24 C.F.R. § 5.703(f) is dismissed with prejudice, because there is no cognizable right of action.  Regarding the reasonable accommodation claim, Plaintiff's diagnosis indicates that he has "mild, intermittent asthma without complication," which by its terms does not significantly impair a major life activity, and the Complaint fails to allege that Defendant knew of Plaintiff's condition.

Still, if Plaintiff believes that he can cure these deficiencies, he shall file a letter by February 12, 2021, stating additional facts to plausibly show (1) that his condition significantly impairs a major life activity, including what activity is impaired, and (2) that Defendant knew of Plaintiff's condition, how it learned of the condition, and when.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, but Plaintiff may (but is not required to) file a letter by February 12, 2021, as described above, to attempt to

VII. cure the deficiencies in the Complaint.

Plaintiff is advised that, in light of the current global health crisis, parties proceeding pro se are encouraged to email all filings to Temporary_Pro_Se_Filing@nysd.uscourts.gov. Pro se parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website at nysd.uscourts.gov. Pro se parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, including instructions on this email service for pro se parties, please visit the Court's website.

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. No. 50 and to mail a copy of this Opinion to pro se Plaintiff.

Dated: January 22, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE