```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ROBERT MERCER,                                              :
                              Plaintiff,                    :
                                                            :     19 Civ. 8842 (LGS)
              -against-                                     :
                                                            :     ORDER
NEW YORK CITY HOUSING AUTHORITY,                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on January 22, 2021, an Opinion and Order ("Order") was issued granting Defendant's motion to dismiss the Amended Complaint. The Order dismissed claims alleging violations of the Fair Housing Act ("FHA") and a regulation promulgated by the U.S. Department of Housing and Urban Development ("HUD"), 24 C.F.R. § 5.703(f).

WHEREAS, the Order granted Plaintiff leave to file a letter "stating additional facts to plausibly show (1) that his condition significantly impairs a major life activity, including what activity is impaired, and (2) that Defendant knew of Plaintiff's condition, how it learned of the condition, and when."

WHEREAS, on May 5, 2021, Plaintiff filed a response to the Order. Plaintiff's response includes additional facts and a new claim alleging age discrimination in violation of the FHA.

WHEREAS, courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *United States v. Pilcher*, 950 F.3d 39, 44 (2d Cir. 2020) (internal quotation marks omitted). Plaintiff's response to the Order is liberally construed as a motion for leave to amend the Amended Complaint.

WHEREAS, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, where the plaintiff is unable to demonstrate that he would be able to

amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Thorne v. Am. Dairy Queen Corp.*, No. 19 Civ. 9933, 2020 WL 6063584, at *3 (S.D.N.Y. Oct. 14, 2020).

WHEREAS, Plaintiff's response fails to cure the deficiencies identified in the Order. As provided in the Order, the FHA prohibits discrimination on the basis of "a physical or mental impairment which substantially limits one or more . . . major life activities." 42 U.S.C. §§ 3602(h)(1), 3604(f); *accord B.C. v. Mt. Vernon Sch. Dist.*, 837 F.3d 152, 160 (2d Cir. 2016). Under HUD regulations, "[m]ajor life activities" are defined as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 24 C.F.R. § 100.201(b); *accord Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 152 (2d Cir. 2014) (further explaining FHA's "handicap" definition under 24 C.F.R. § 100.201(b)). Plaintiff's response contains no facts to explain what major life activity is impaired and how the activity is substantially limited by Plaintiff's condition. Plaintiff lists a series of symptoms and conditions he experiences but does not connect them to a major life activity. Additionally, Plaintiff's response does not contain any facts to suggest that Defendant was aware of his handicap.

WHEREAS, Plaintiff's newly added allegation of age discrimination fails to state a claim. Plaintiff's response alleges that he experienced discrimination "based on his age" in violation of the Fair Housing Act. The Fair Housing Act makes it unlawful "[t]o discriminate against any person in the . . . rental of a dwelling, . . . because of race, color, religion, sex, familial status, or national origin" and on the basis of disability. 42 U.S.C. § 3604(b), (f). The Fair Housing Act does not prohibit housing discrimination on the basis of age. *See, e.g.*, *Logan v. Matveevskii*, 175 F. Supp. 3d 209, 227 n.29 (S.D.N.Y. 2016); *Wood v. Mut. Redevelopment Houses, Inc.*, No. 14

Civ. 7535, 2016 WL 11720460, at *9 (S.D.N.Y. Mar. 31, 2016), *adhered to on reconsideration*, 2017 WL 11589600 (S.D.N.Y. Mar. 1, 2017).  It is hereby

**ORDERED** that Plaintiff's motion for leave to amend is **DENIED**.

The Clerk of Court is respectfully directed to mail a copy of this Order to pro se Plaintiff and to close the case.

Dated: May 11, 2021
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**